## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOSEPH CHAMBERLAIN,              )
                                )
                Plaintiff,       )
vs.                             )          NO.  CIV-11-1430-HE
                                )
JAMES ERIC THOMAS and           )
SUPERIOR TRANSPORTATION, INC.,   )
                                )
                Defendants.      )

### ORDER

Plaintiff Joseph Chamberlain sued James Eric Thomas and his employer Superior Transportation, Inc. ("Superior), seeking to recover damages for injuries he sustained when his vehicle collided with a semi-tractor-trailer driven by Thomas.  Superior has filed a motion for partial summary judgment on plaintiff's claim against it based on negligent hiring, training, supervising, entrusting and/or retaining.  The court concludes the motion should be granted.

Superior asserts that plaintiff "presumably [is] alleging that it is responsible for the acts of James Thomas through *respondeat superior* and that it is independently negligent for hiring, training, supervising, entrusting, and/or retaining Thomas."  Defendant's motion, p. 2.  Plaintiff apparently agrees that those are its claims, although his petition[1] refers generally to defendants' "negligence" and alleges that defendants failed to "properly flag the oversized load and collided with Plaintiff's vehicle."  Petition, p. 1.   Superior argues that because it has stipulated that Thomas was its agent and was acting within the scope of his agency

---

[1]*The action was removed from state court.*

agreement at the time of the accident, plaintiff is precluded by Jordan v. Cates, 935 P.2d 289 (Okla. 1997) from asserting claims for both vicarious liability and negligent hiring.  Superior argues that the Oklahoma Supreme Court held in Jordan that respondeat superior bars all other theories of recovery

Plaintiff's response does not come to grips with the impact of Jordan in any meaningful way.  His suggestion that further discovery might change something is unpersuasive, given the apparent nature of the Jordan rule.  That case indicates that if an employer stipulates its employee is acting within the scope of employment at the time of the underlying tort and that punitive damages are available against it on the basis of *respondeat superior*, then an additional claim against it on the basis of negligent hiring is unavailable. The underlying tort by the agent involved there was an intentional tort — battery — but the court's broad language does not seem to restrict the rule to intentional torts and there is no apparent reason why the rule would be different in the context of an underlying negligence claim such as is involved in this case.[2]  Here, defendant has stipulated that Mr. Thomas was within the course of his employment and that it is liable, on a *respondeat superior* basis, for any negligence of Thomas.

The Jordan rule gives the court some pause.  While it is true that, under either a *respondeat superior* theory or a negligent hiring/supervision/retention theory, a successful

---

[2]*See Simpson v. Kaya, 2012 WL 3518037, at * 3 (W.D.Okla. 2012) (applying Jordan to bar negligent hiring and entrustment claims when employer stipulated to its liability for employee's allegedly negligent driving).*

plaintiff would have to establish the underlying tort — here negligence — of the agent,[3] the court can envision situations where the punitive damages exposure of the defendant could differ significantly based on whether the focus of the punitive damages inquiry was the wrongful/negligent conduct of the agent or the negligent conduct of the employer.  And that focus might well impact, as it did in <u>Jordan</u>, the question of what evidence is admissible to establish the basis for punitive damages.  Against the backdrop of the general principle, recognized under both federal and Oklahoma law, that a plaintiff can ordinarily pursue alternate or even inconsistent theories of recovery,[4] and that he is not ordinarily required to elect his remedies,[5] it seems somewhat anomalous to allow the defendant to do the election for him.  However, as that appears to be the rule in Oklahoma, per <u>Jordan</u>, and as Oklahoma law provides the substantive rule of decision in this diversity case, summary judgment in defendant's favor on a negligent hiring or similar theory is warranted.

Accordingly, defendant's motion for partial summary judgment [Doc. #31] is granted. Judgment will be entered in Superior's favor as to any claim based on negligent hiring, training or supervision of Mr. Thomas when the action is concluded with respect to all claims

---

[3]*Defendant's negligence in hiring, training or supervising its agent would result in liability to a plaintiff only if plaintiff could establish the negligence proximately <u>caused</u> his injury, which would presumably also require a showing of negligence or other wrongful conduct by the agent.*

[4]*Fed.R.Civ.P. 8(d)(2) and (3).*

[5]*See <u>Specialty Beverages, L.L.C. v. Pabst Brewing Co.</u>, 537 F.3d 1165, 1180 (10th Cir. 2008) (Under Oklahoma law, "[w]hile a party may not obtain double recovery, election of remedies is not required.") (citing <u>Rogers v. Meiser</u>, 68 P.3d 967, 970 n. 5 (Okla.2003); <u>Howell v. James</u>, 818 P.2d 444, 447-48 (Okla.1991)).*

and parties.  Fed.R.Civ.P. 54(b).

**IT IS SO ORDERED**.

Dated this 24th day of September, 2012.

JOE HEATON
UNITED STATES DISTRICT JUDGE